UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin Eugene Hopkins,<br><br>                     Plaintiff,<br><br>vs.<br><br>Dr. James Fred Bethea,<br><br>                     Defendant. | ) C/A No. 3:06-3467-MBS-JRM<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

This is a civil action filed *pro se*.[1] Plaintiff seeks damages from a doctor who apparently performed unsuccessful surgery on Plaintiff in 1991. Plaintiff claims that he has a "broken rod" in his back and that he has not been able to obtain the medical records from the surgery from the doctor. He alleges that Defendant is being sued "for discrimination of medical records and health information." However, Plaintiff does not claim that Defendant acted under color of state law when he operated on Plaintiff, nor does Plaintiff claim to be member of any distinct racial group nor that he was discriminated against due to his race, gender, national origin, or age. He wants to force the doctor to repay all the money he received for the surgery and also wants to recover 2 million dollars for every year of his suffering, plus he wants to force the doctor to turn over his records. Plaintiff does not provide the citation to any specific federal law under which he files this case, thus leading the Court to conclude that this is a basic medical malpractice claim against Defendant.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. See 28 U.S.C. § 1915(e)(2); <u>In Re Prison Litigation Reform Act</u>, 105 F.3d 1131, 1134 (6th Cir. 1997)(*pro se* pleadings by non-prisoners should also be screened).

(1989); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).[2] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *see* Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *see* American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *see* Turner v. Bank of North America, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction,

---

[2]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*see* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See* Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the information provided by Plaintiff when he filed his Complaint, both Plaintiff and Defendant are residents of South Carolina. Although it does appear from Plaintiff's allegations that the $75,000 jurisdictional amount would be in controversy in this case, this does not matter in this case because, in absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's Complaint, for the most part, involves a medical malpractice tort/personal injury dispute. Generally, such personal injury/negligence disputes are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See, e.g.*, Hardee v. Bio-Medical Applications of S.C., Inc., 370

3

S.C. 511, 636 S.E.2d 629 (2006); Bishop v. S. C. Dept. of Mental Health, 331 S.C. 79, 502 S.E.2d 78 (1998); Ardis v. Sessions, 370 S.C. 229, 633 S.E.2d 905 (Ct.App. 2006). . In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See* King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); Slaughter v. Anderson, 673 F. Supp. 929, 930 (N.D. Ill. 1987). Although this Court could consider a negligence action with $75,000.00 in controversy between citizens of different under its diversity jurisdiction, *see* Cianbro Corp. v. Jeffcoat & Martin, 804 F.Supp. 784, 788-91 (D. S.C. 1992), as previously stated, both of the parties named in the Complaint in this case appear to be citizens of South Carolina.

Also, as previously stated, Plaintiff's allegations do not contain any reference to alleged violation of any federal statute or constitutional provision by Defendant, nor is any type of federal question jurisdiction readily evident from the face of the Complaint. Even if Plaintiff had made assertions that federal rights were violated, this Court would not be bound by such allegations and would be entitled to disregard them if the facts did not support Plaintiff's contentions. When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *See* Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); *see also* Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908); *cf.* Gully v. First Nat'l Bank in Meridian, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); Bonner v. Circuit Ct. of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

Additionally, even if this Court were to construe the Complaint in an exceedingly liberal manner and

4

determine that Plaintiff's mere use of the word "discrimination" indicates a proposed claim under 42 U.S.C. § 1983[3] for some unknown violation by Defendant of some undisclosed federal constitutional provision, no viable claim within the Court's federal question jurisdiction could be inferred since it appears that Defendant is not employed by the State and did not act under color of state law in connection with the surgery of which Plaintiff complains. Furthermore, there is no allegation showing Plaintiff to be a member of any distinct race or other suspect class or that he was discriminated against solely because of his race or other suspect class. Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See* Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See* Gomez v. Toledo, 446 U.S. 635, 640 (1980); *see also* Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. at 937; *see* United States v. International Brotherhood of Teamsters,

---

[3]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

5

Chauffeurs, Warehousemen Helpers of America, AFL-CIO, 941 F.2d 1292 (2d Cir.1991). As noted, there are no allegations in Plaintiff's Complaint which attribute any of Defendant's actions to state action; therefore, even if the Complaint could be liberally construed to "imply" an allegation of constitutional rights violations by the private Defendant, no viable claim § 1983 could be stated.

Finally, Plaintiff's allegations about inability to get his medical records from Defendant do not establish federal question jurisdiction in this case. Even if such allegations could be liberally construed as asserting an alleged violation by Defendant of some undisclosed provision of the fairly recently enacted federal law referred to as the Health Insurance Portability and Accountability Act of 1996, Pub.L. No. 104-191, 110 Stat.1936 (1996)(codified primarily in Titles 18, 26 and 42 of the United States Code), commonly referred to as HIPAA, there is no private right of action for such violations. Acara v. Banks, No. 06-30356, 2006 WL 3262444 (5th Cir., Nov. 13, 2006)(collecting cases). No other possible basis for the exercise of federal question jurisdiction over this case has been suggested, nor are any evident from Plaintiff's Complaint. In the absence of either diversity or federal question jurisdiction over the parties' dispute, this case is subject to summary dismissal without service on the Defendant.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

December 27, 2006
Columbia, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).