IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin Eugene Hopkins, ) | C/A No. 3:06-3467-MBS-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND** |
| v. ) | **ORDER** |
| ) | |
| Dr. James Fred Bethea, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Calvin Eugene Hopkins brought this action pro se, alleging that Defendant Dr. James Fred Bethea unsuccessfully performed surgery on Plaintiff in April 1991 and has refused to provide a copy of Plaintiff's medical records to him. Complaint, 3-5 (Entry 1). Plaintiff claims that he now suffers from a "broken rod" in his back and seeks compensatory damages for his pain and suffering, as well as a refund of the surgery costs. Id. at 5.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge filed a Report and Recommendation on December 27, 2006, in which he recommended that the complaint be summarily dismissed without prejudice and without issuance and service of process. Report and Recommendation, 6 (Entry 5). Plaintiff filed objections to the Report and Recommendation on January 19, 2007. Objections to the Report (Entry 8).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo

1

determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The court has reviewed Plaintiff's objections to the Magistrate Judge's Report. Plaintiff does not raise any objection to the Magistrate Judge's findings; rather, he simply repeats the allegations of his complaint concerning his attempts to retrieve his medical records from Defendant. Objections to the Report, 1. See, e.g., id. ("I had asked [Defendant] . . . for record [sic] no answers. . . . I believe that [Defendant] remove [sic] some of [sic] records out [sic]."). Even if the court construed these statements as objections to the Report and Recommendation, at most, they would constitute the type of general and conclusory objections that do not warrant the court's response. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations, the court need not conduct a de novo review).

The Magistrate Judge recommended that this action be dismissed because the court lacked federal jurisdiction. Report and Recommendation, 2-5. Specifically, the Magistrate Judge found that the court had no diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are residents of South Carolina. Id. at 3. The Magistrate Judge also found that the complaint fails to state a claim cognizable under the court's federal question jurisdiction since Plaintiff's allegations were essentially personal injury or negligence claims arising under state tort law. See 28 U.S.C. § 1331. Where, as here, state law provides adequate procedural due process and an adequate remedy for those damages alleged in the complaint, no federally guaranteed constitutional right is implicated.

See Daniels v. Williams, 474 U.S. 327, 332 (1986); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); Slaughter v. Anderson, 673 F. Supp. 929, 930 (N.D. Ill. 1987).

After thoroughly reviewing the Report and Recommendation in its entirety and the applicable case law, the court finds no error in the Report and Recommendation. Accordingly, the court adopts the Report and Recommendation and incorporates it herein by reference. This case is summarily dismissed without prejudice and without issuance of service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

April 23, 2007
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**